# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| ARRICKA MAXWELL,      )<br>                              )<br>        Plaintiff,       ) **Case No.:**<br>                              )<br>    v.                        )<br>                              ) **COMPLAINT AND DEMAND FOR**<br>                              ) **JURY TRIAL**<br>MIDLAND CREDIT            )<br>MANAGEMENT, INC.,         )<br>                              )<br>        Defendant.        )<br>                              )<br>                              ) | |

## COMPLAINT

ARRICKA MAXWELL ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against MIDLAND CREDIT MANAGEMENT, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States District Court without regard to the amount in controversy," and 28 U.S.C.

- 1 -

PLAINTIFF'S COMPLAINT

§ 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the Commonwealth of Pennsylvania and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391 (b)(1) and (b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Greensburg, Pennsylvania 15601.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. Defendant is a corporation with its principal place of business located at 350 Camino de la Reina, Suite 100, San Diego, CA 92108.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

9. Debt collection is the principal purpose of Defendant's business.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Defendant placed repeated harassing telephone calls to Plaintiff's father

regarding an alleged debt that Plaintiff incurred primarily for personal, family or household purposes.

12. During these continued calls, Defendant would share Plaintiff's personal information with Plaintiff's father, indicating that Plaintiff owed a debt.

13. Plaintiff never provided Defendant with her father's contact information, nor did Plaintiff ever give permission for Defendant to call her father.

14. Plaintiff wrote a letter to Defendant on June 21, 2019 demanding Defendant not speak with any family members concerning her debt. Plaintiff mailed the letter on July 1, 2019. See Exhibit "A".

15. Once Defendant knew that Plaintiff did not want Defendant contacting her father any continued calls to her father could only have been placed to upset and harass Plaintiff.

16. However, Defendant continued to call Plaintiff's father.

17. Defendant's actions as described herein were taken with the intent to harass, upset, and coerce Plaintiff to pay the alleged debt.

## COUNT I
## DEFENDANT VIOLATED §§1692b(3) OF THE FDCPA

18. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

19. Section 1692b(3) of the FDCPA prohibits a debt collector from communicating with any person other than a consumer more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information.

20. Defendant violated this section of the FDCPA by communicating with Plaintiff's father more than once regarding Plaintiff's debt, despite having been notified that it was calling the wrong person.

21. Defendant therefore violated both Section 1692b(3) of the FDCPA.

## COUNT II
## DEFENDANT VIOLATED §1692c(b) OF THE FDCPA

22. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein

23. Section 1692c(b) of the FDCPA forbids a debt collector from, in connection with the collection of a debt, with any person other than the consumer, her attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector, without the prior consumer of the consumer given directly to the debt collector.

24. Defendant violated this section of the FDCPA when it communicated, in connection with a debt, with a third party, Plaintiff's father, without having Plaintiff's express permission to do so.

25. Defendant therefore violated Section 1692c(b) of the FDCPA.

## COUNT III
## **DEFENDANT VIOLATED §1692d and d(5) OF THE FDCPA**

26. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

27. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person, in connection with the collection of a debt.

28. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

29. Defendant violated these sections of the FDCPA when it called Plaintiff's father repeatedly knowing that Plaintiff did not want them to contact any third parties concerning her debt.

WHEREFORE, Plaintiff, ARRICKA MAXWELL, respectfully prays for a judgment as follows:

a.  All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b.  Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c.  All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d.  Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, ARRICKA MAXWELL, demands a jury trial in her case.

RESPECTFULLY SUBMITTED,

|  |  |
|---|---|
|  | KIMMEL & SILVERMAN, P.C.. |
| DATED: October 18, 2019 | By: */s/ Amy L. Bennecoff Ginsburg* |
|  | Amy L. Bennecoff Ginsburg |
|  | Kimmel & Silverman, P.C |
|  | 30 East Butler Pike |
|  | Ambler, PA 19002 |
|  | Telephone: (215) 540-8888 |
|  | Facsimile (215) 540-8817 |
|  | Email: aginsburg@creditlaw.com |